IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

EARNEST LEE WALKER, JR.          *

    Plaintiff,                  *

       v.                       * CIVIL ACTION NO. 2:05-CV-346-F
                                                                        WO
KELVIN BRYANT, *et al*.,          *

    Defendants.                *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, an inmate currently incarcerated in the Montgomery County Detention Facility, challenges matters related to the revocation of his probation. He further alleges that he has not received credit for the actual amount of time he was in custody prior to the revocation of his probation. Plaintiff seeks injunctive relief. Named as defendants are Kelvin Bryant, the Department of Human Resources, Judge Johnny Hardwick, and A.F. Boykins. Upon review of the allegations contained in the instant complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

It is clear to this court that success on Plaintiff's challenges to the revocation of his probation and the calculation of his release date would necessarily impact the fact or duration of his present incarceration. Consequently, the claims presented by Plaintiff are not cognizable in a § 1983 action at this time. *Edwards v. Balisok,* 520 U.S. 641 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that claims for damages arising from challenges to the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a sate prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id.* at 481.

In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory relief and money damages" based on an alleged denial of due process that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned. 520 U.S. at 648. Moreover, the Court

determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court "remphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.* at 649.

In the present complaint, Plaintiff seeks to challenge the validity of the revocation of his probation and also argues that he has not been given appropriate credit for time served in custody prior to the revocation of his probation. These claims, if established, would necessarily imply the invalidity of Plaintiff's present confinement and/or effect the duration of such confinement.[2] It is clear from the pleadings before the court that neither the decision to revoke Plaintiff's probation nor the calculation of his release date has been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on such actions is prohibited by *Heck* and *Balisok*, and Plaintiff's claims are, therefore, due to be dismissed as he presently has no cause of action under 42 U.S.C. § 1983.[3]

---

[2]The principles espoused in *Heck* and *Balisok* apply to revocations of probation and revocations and denial of parole. *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (revocation of probation); *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997) (denial of parole); *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (revocation of parole).

[3]Plaintiff is advised that if he seeks to challenge the validity or duration of his confinement based on the claims set forth in the instant complaint he may do so by filing a petition for habeas corpus relief under 28 U.S.C. § 2241. Such a petition must be filed in the district court in which the inmate is incarcerated. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978).

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint be dismissed without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii); and

2. This case be dismissed prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 5, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of April, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE